THE TAXING DISTRICT *v.* H. C. BRACKETT & Co.

PRIVILEGE TAX. *License. Livery stable.* Under the Act of 1879, authorizing the Taxing District to assess and collect license tax for livery stables, and also shed yards, a licensed livery stable keeper may keep stock and vehicles under a shed without additional license.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J.

C. W. HEISKELL for Taxing District.

HUMES & POSTON for Brackett.

MCFARLAND, J., delivered the opinion of the Court.

The question presented in this case is not free from doubt. The 42nd sub-sec. of sec. 7, chap. 84, of the Acts of 1879, in relation to taxing districts, in the class of privileges, prescribes a tax as follows: " Upon the privilege of keeping a livery, sale or boarding stable, having twenty stalls and under, $30, and for each additional stall until whole number shall reach forty, $1, and every additional stall above forty, 50 cents. The 34th subsec. of the same Act levies a tax upon " every

keeper of a shed yard or barn used for taking care of horses, cattle or other animals, or wagons or other vehicles, for gain or profit, for each, per annum, $50. The same Act also prohibits any one from exercising two privileges or following two pursuits or avocations under one license.

The proof shows that the defendants keep a livery stable in Memphis, for which they pay the regular license tax required by the 42nd sub-sec. of sec. 7, before referred to. Adjoining the stable they have a shed, with stalls for horses, and it is to be inferred that these stalls are counted in estimating the number of stalls upon which the tax is to be paid as prescribed. They are in the habit of keeping wagon trains from the country, stopping for a day or two in the city, in which cases they furnish room for the wagons or vehicles in their shed or yard and put the horses or mules in the stalls, and when the stalls in the main stable are full they use the stalls in the shed. They charge nothing for the wagons, but so much per head for the horses or mules, according as they or the owners furnish the feed. They had for several years been in the habit of carrying on this business under one license, and so had the other livery stables in the city. It appears, however, that there is one person who has a license as a "wagon-yard keeper," and keeps a shed yard for wagons, mules, etc., charges for the stock, but nothing for the wagons, and is the only one who is engaged in such business separate from a livery stable.

Taxing District *v.* Brackett & Co.

The question is, whether the defendants are violating the law by following two occupations under one license, or does their license cover all the business in which they are engaged.

It is clear that the statute makes a clear distinction between a livery stable and a wagon-yard, and prohibits the keeping of both under one license. This is all clear enough, and without undertaking to define either, it will be readily conceded that the two establishments are essentially different, and it is furthermore apparent that the establishment of the defendants, as described in the record, is a livery stable, and not a wagon-yard. The shed adjoining the stable is none the less a part of the stable because it is called a shed. It is a shed with stalls, and included in the livery stable license, and is not a wagon shed.

Now, it is clear that under the license to keep a livery or boarding stable the defendants could keep horses or mules in any of their stalls. It can hardly be said that they are not at liberty to keep wagons, horses and mules, or horses or mules that are driven to the city with wagons. This is clearly within the business of a livery stable. It is true they also keep wagons and other vehicles, but they charge nothing for it. Have they transcended their license? It is true they entertain some of the same sort of customers that are kept at a wagon-yard proper, and transact in part the same sort of business transacted by the keeper of a wagon-yard, but it often happens that the same

sort of business is transacted by persons following what are regarded as wholly different occupations.

It is perhaps impossible to keep the dividing line between all the occupations well marked, and confine each within his sphere, or carry out the purpose of the Legislature in sub-dividing nearly all the various occupations and claiming them as privileges.

We cannot say that the defendants have kept a wagon-yard, or engaged in a business not covered by their license. This was the judgment of the Circuit Court, and it will be affirmed.